UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAROL WIDEMAN,<br><br>　　Plaintiff,<br><br>v.<br><br>GRAND LODGE SERVICES, INC., THE MASTERS, WARDENS AND MEMBERS OF THE MOST WORSHIPFUL GRAND LODGE OF ANCIENT AND FREE ACCEPTED MASONS OF THE COMMONWEALTH OF MASSACHUSETTS, INC., THE MASONIC EDUCATION CHARITY TRUST, ROBERT PUGLISI and ROGER PAGEAU,<br><br>　　Defendants. | Civil Action No. 04-12360-REK |

### DEFENDANT ROBERT PUGLISI'S ANSWER

The defendant Robert Puglisi ("Mr. Puglisi") answers the Complaint of the plaintiff Carol Wideman ("Plaintiff" or "Ms. Wideman") as follows:

NATURE OF ACTION

The first paragraph of Plaintiff's Complaint appears merely to identify Plaintiff's cause of action and therefore requires no response. To the extent any response is required, Mr. Puglisi denies all allegations in this paragraph.

PARTIES, JURISDICTION AND VENUE

1. Mr. Puglisi admits that Plaintiff is an African-American female. Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 and therefore denies same.

2. On information and belief, Mr. Puglisi admits that Grand Lodge Services, Inc. ("GLS")

is and was a private employer located in Boston, Massachusetts.

3.  On information and belief, Mr. Puglisi admits that the Masters, Wardens and Members of the Grand Lodge of Masons is and was a private entity located in Boston, Massachusetts.

4.  On information and belief, Mr. Puglisi admits that the Masonic Education and Charity Trust is and was a private entity located in Boston, Massachusetts.

5.  Mr. Puglisi admits that he is a white male and a resident of the Commonwealth of Massachusetts. Answering further, Mr. Puglisi states that he was never employed by GLS (or any of the other named defendants), that he worked at GLS as a temporary consultant on an assignment through his employer, Robert Half Management Resources, and that while on assignment at GLS, he functioned in the role of interim chief financial officer from approximately April 1, 2003 to June 25, 2004. Mr. Puglisi denies all remaining allegations contained in paragraph 5.

6.  Mr. Puglisi admits that Roger Pageau ("Mr. Pageau") is a white male and that he was the Grand Treasurer of GLS during Mr. Puglisi's assignment with GLS. Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 and therefore denies same.

7.  Paragraph 7 appears merely to state legal conclusions and therefore requires no response. To the extent a response is required, Mr. Puglisi denies all allegations contained in paragraph 7.

## FACTS COMMON TO ALL COUNTS

8.  Mr. Puglisi admits that Plaintiff is an African-American female. Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and therefore denies same.

9.     Mr. Puglisi admits that Plaintiff was employed by GLS when Mr. Puglisi began his assignment with GLS on or about April 1, 2003.  Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 and therefore denies same.

10.     Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies same.

11.     Mr. Puglisi admits that Plaintiff held the position titled Controller for GLS when he began his assignment with GLS on or about April 1, 2003 and that she remained in that position through the end of her employment with GLS on March 5, 2004.  Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 and therefore denies same.

12.     Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies same.

13.     Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies same.

14.     Mr. Puglisi admits that prior to his assignment with GLS, Mr. Huntoon was employed by GLS.  Mr. Puglisi admits that he worked at GLS as a temporary consultant on an assignment through his employer, Robert Half Management Resources, and that while on assignment at GLS, he functioned in the role of interim chief financial officer.  Mr. Puglisi further admits that while he was on assignment at GLS, Mr. Pageau held the position of Grand Treasurer, that Mr. Hicks held the position of Grand Master, and that Mr. Puglisi provided information and reports to both of them.  Mr. Puglisi denies the remaining allegations contained in paragraph 14 as they

relate to him and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 as they relate to others.

15. Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies same.

16. Mr. Puglisi admits that Nancy Rigano, Martina Bell, and Cheryl Voye are white females and that they worked in accounts payable, accounts receivable, and as an administrative assistant, respectively. Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and therefore denies same.

17. Mr. Puglisi admits that he did not review Plaintiff's performance or award her a raise in January 2004. Answering further, Mr. Puglisi states that as a temporary consultant on assignment through his employer, Robert Half Management Resources, he did not have the authority to conduct performance reviews or award raises for GLS employees. Mr. Puglisi further admits that for these same reasons, he did not conduct performance reviews for Ms. Bell and/or Ms. Voye after receiving review forms from Ms. Rigano. Mr. Puglisi denies the remaining allegations contained in paragraph 17 as they relate to him, and lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 as they relate to others.

18. Mr. Puglisi admits that Ms. Rigano and Ms. Bell are white and that they reported to Ms. Wideman. On information and belief, Mr. Puglisi admits that Ms. Bell received a raise and Ms. Rigano received a bonus. Mr. Puglisi denies all remaining allegations contained in paragraph 18.

19. Mr. Puglisi admits that at the direction of Arthur E. Johnson ("Mr. Johnson"), Grand Secretary of GLS, he reminded Ms. Rigano and Ms. Bell of the existing policy that overtime

work was permitted only with prior approval and that if they felt a need to work overtime, they were to obtain approval before doing so. Mr. Puglisi denies the remaining allegations contained in paragraph 19 as they relate to him and lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 as they relate to others.

20. To the extent paragraph 20 states legal conclusions, no response is required. Answering further, Mr. Puglisi admits that Ms. Rigano, Ms. Bell, and Ms. Voye were non-exempt employees of GLS. Mr. Puglisi denies that he prohibited overtime. Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 and therefore denies same.

21. Mr. Puglisi admits that in or about May of 2003, Ms. Wideman approached him with concerns about the company overtime policy and that he informed Ms. Wideman that whether employees in other departments were working overtime was not relevant to whether there was a need for Ms. Rigano, Ms. Bell, and/or Ms. Voye to work overtime. Mr. Puglisi denies the remaining allegations contained in paragraph 21.

22. Mr. Puglisi admits that at Mr. Johnson's direction, he reminded Ms. Wideman, Ms. Rigano, and Ms. Voye of the existing GLS meal time policy and asked Ms. Wideman, Ms. Rigano, and Ms. Voye to each sign a written acknowledgement indicating that she had been informed of and understood the policy. Mr. Puglisi denies that these written acknowledgements were "written warnings" or that he, as a temporary consultant on assignment at GLS, had the authority to discipline employees of GLS. Mr. Puglisi further admits that the GLS meal time policy is set forth in a written document which speaks for itself. Mr. Puglisi denies all remaining allegations contained in paragraph 22.

23. Mr. Puglisi admits that Plaintiff refused to sign the written acknowledgement and that she told him the written acknowledgements must be placed in personnel files. Mr. Puglisi admits that he did not intend to file the acknowledgements of the meal time policy in the respective GLS employees' personnel files and that he did not regard the acknowledgements as disciplinary in nature. The remainder of the first sentence of paragraph 23 appears merely to state legal conclusions and therefore requires no response. Mr. Puglisi admits that Plaintiff refused to sign her acknowledgement and that he discarded it. Mr. Puglisi further admits that Ms. Rigano and Ms. Voye signed their acknowledgements of the meal time policy. Mr. Puglisi denies the remaining allegations contained in paragraph 23 as they relate to him, and lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 as they relate to others.

24. Mr. Puglisi admits that Ms. Rigano informed him that performance reviews were due for Ms. Bell and Ms. Voye, that Ms. Rigano gave him review forms, and that Ms. Rigano and Ms. Wideman asked him about the reviews. Mr. Puglisi admits that he did not complete any performance reviews for any GLS employees while on his assignment there. Mr. Puglisi further admits that he informed Ms. Wideman and Ms. Rigano that as a temporary consultant on assignment through his employer, Robert Half Management Resources, he did not have authority to conduct performance reviews for GLS employees. Mr. Puglisi denies all remaining allegations contained in paragraph 24.

25. Mr. Puglisi admits that he told Ms. Rigano that he had not completed the review forms (for the reasons described above), that he had forwarded the review forms to Mr. Pageau, and that she should speak with Mr. Pageau about them. Mr. Puglisi denies the remaining allegations contained in the first sentence of paragraph 25. Answering further, Mr. Puglisi

lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 25 and therefore denies same.

26.     Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies same.

27.     Mr. Puglisi admits that he frequently participated in meetings with Mr. Pageau and Mr. Johnson and that it is possible he did so on or about February 19, 2004. Mr. Puglisi denies all remaining allegations contained in paragraph 27.

28.     Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies same.

29.     Mr. Puglisi admits that Plaintiff's employment with GLS ended on or about March 5, 2004. Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 and therefore denies same.

30.     Mr. Puglisi admits that some time after the end of Plaintiff's employment with GLS, GLS hired Mr. MacPherson for the position of Chief Financial Officer. Mr. Puglisi further admits that Mr. MacPherson is a white male, and on information and belief admits that he is a member of the Masons. Mr. Puglisi lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 and therefore denies same.

<u>COUNT I (Title VII - Retaliation Against the Grand Lodge Defendants)</u>

31.     Mr. Puglisi reasserts and incorporates herein by reference his responses to paragraphs 1 through 30 above.

32.     Mr. Puglisi admits that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination on or about August 9, 2004 and sought

permission to withdraw her Charge and pursue claims in court on or about October 6, 2004. The remaining allegations contained in paragraph 32 appear merely to state a legal conclusion and therefore require no response. To the extent that the remainder of paragraph 32 requires a response, Mr. Puglisi denies all such remaining allegations.

33. Count I is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 33.

34. Count I is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 34.

<u>COUNT II (Title VII - Discrimination (Race) Against the Grand Lodge Defendants)</u>

35. Mr. Puglisi reasserts and incorporates herein by reference his responses to paragraphs 1 through 34 above.

36. Mr. Puglisi admits that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination on or about August 9, 2004 and sought permission to withdraw her Charge and pursue claims in court on or about October 6, 2004. The remaining allegations contained in paragraph 36 appear merely to state a legal conclusion and therefore require no response. To the extent the remainder of paragraph 36 requires a response, Mr. Puglisi denies all such remaining allegations.

37. Count II is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 37.

38. Count II is not directed at Mr. Puglisi and therefore no response is required of Mr.

Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 38.

COUNT III (Title VII Discrimination (Sex) Against the Grand Lodge Defendants)

39. Mr. Puglisi reasserts and incorporates herein by reference his responses to paragraphs 1 through 38 above.

40. Mr. Puglisi admits that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination on or about August 9, 2004 and sought permission to withdraw her Charge and pursue claims in court on or about October 6, 2004. The remaining allegations contained in paragraph 40 appear merely to state a legal conclusion and therefore require no response. To the extent the remainder of paragraph 40 requires a response, Mr. Puglisi denies all such remaining allegations.

41. Count III is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 41.

42. Count III is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 42.

COUNT IV (M.G.L. c. 151B § 4 (Retaliation) Against All Defendants)

43. Mr. Puglisi reasserts and incorporates herein by reference his responses to paragraphs 1 through 42 above.

44. Mr. Puglisi admits that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination on or about August 9, 2004 and sought permission to withdraw her Charge and pursue claims in court on or about October 6, 2004.

The remaining allegations contained in paragraph 44 appear merely to state a legal conclusion and therefore require no response. To the extent the remainder of paragraph 44 requires a response, Mr. Puglisi denies all such remaining allegations.

45.    Denied.

46.    Denied.

47.    Denied.

## COUNT V (M.G.L. c. 151B § 4 (Race) Against All Defendants)

48.    Mr. Puglisi reasserts and incorporates herein by reference his responses to paragraphs 1 through 47 above.

49.    Mr. Puglisi admits that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination on or about August 9, 2004 and sought permission to withdraw her Charge and pursue claims in court on or about October 6, 2004. The remaining allegations contained in paragraph 49 appear merely to state a legal conclusion and therefore require no response. To the extent the remainder of paragraph 49 requires a response, Mr. Puglisi denies all such remaining allegations.

50.    The allegations of paragraph 50 are not directed toward Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 50.

51.    Denied.

52.    Denied.

## COUNT VI (M.G.L. c. 151B § 4 (Sex) Against All Defendants)

53.    Mr. Puglisi reasserts and incorporates herein by reference his responses to paragraphs 1 through 52 above.

54.     Mr. Puglisi admits that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination on or about August 9, 2004 and sought permission to withdraw her Charge and pursue claims in court on or about October 6, 2004. The remaining allegations contained in paragraph 54 appear merely to state a legal conclusion and therefore require no response. To the extent the remainder of paragraph 54 requires a response, Mr. Puglisi denies all such remaining allegations.

55.     The allegations in paragraph 55 are not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 55.

56.     Denied.

57.     Denied.

COUNT VII (Tortious Interference Against Mr. Puglisi)

58.     Mr. Puglisi reasserts and incorporates herein by reference his responses to paragraphs 1 through 57 above.

59.     Mr. Puglisi admits that Plaintiff was employed by GLS and denies the remaining allegations contained in paragraph 59.

60.     Mr. Puglisi admits that he was aware Plaintiff was employed by GLS and denies the remaining allegations contained in paragraph 60.

61.     Denied.

62.     Denied.

COUNT VIII (Tortious Interference Against Mr. Pageau)

63.     Mr. Puglisi reasserts and incorporates herein by reference his responses to paragraphs 1 through 62 above.

64. Count VIII is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 64.

65. Count VIII is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 65.

66. Count VIII is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 66.

67. Count VIII is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 67.

<u>COUNT IX (Breach of Contract - Against the Grand Lodge Defendants)</u>

68. Mr. Puglisi reasserts and incorporates herein by reference his responses to paragraphs 1 through 67 above.

69. Count IX is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 69.

70. Count IX is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 70.

71. Count IX is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi. To the extent a response is required, Mr. Puglisi denies the allegations in paragraph

71.

72.    Count IX is not directed at Mr. Puglisi and therefore no response is required of Mr. Puglisi.  To the extent a response is required, Mr. Puglisi denies the allegations in paragraph 72.

## PRAYER FOR RELIEF

The Plaintiff's Prayer for Relief appears merely to set forth specific requests for legal and equitable relief and therefore requires no response.  To the extent that the Prayer for Relief requires a response, Mr. Puglisi denies that Plaintiff is entitled to any of the relief requested.

### FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some of Plaintiff's claims may be barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by her failure to exhaust her administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Mr. Puglisi did not retaliate against Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Mr. Puglisi did not discriminate against Plaintiff on the basis of race or gender.

### SIXTH AFFIRMATIVE DEFENSE

Mr. Puglisi did not aid, abet, incite, compel, or coerce the doing of acts forbidden under G.L. c. 151B, § 4(5).

**SEVENTH AFFIRMATIVE DEFENSE**

Mr. Puglisi at all times acted within the scope of his employment with Robert Half Management Resources while on his temporary work assignment at GLS and did not coerce, intimidate, threaten, and/or interfere with Plaintiff's rights in violation of G.L. c. 151B, § 4(4A).

**EIGHTH AFFIRMATIVE DEFENSE**

Mr. Puglisi did not intentionally interfere with Plaintiff's employment relationship through improper motive or means.

**NINTH AFFIRMATIVE DEFENSE**

As a temporary consultant on assignment at GLS through his employer, Robert Half Management Resources, Mr. Puglisi had no authority over the terms or conditions of Plaintiff's employment.

**TENTH AFFIRMATIVE DEFENSE**

Some or all of the damages sought by Plaintiff are not recoverable.

**ELEVENTH AFFIRMATIVE DEFENSE**

All actions Mr. Puglisi took while working as a temporary consultant on assignment at GLS through his employer, Robert Half Management Resources, were for legitimate business reasons.

**TWELFTH AFFIRMATIVE DEFENSE**

Some of Plaintiff's claims are barred because G.L. c. 151B provides the exclusive remedy for the claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Mr. Puglisi reserves the right to file such additional defenses and actions as may be appropriate.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any allegation not specifically admitted is denied.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Puglisi respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in his favor and against Plaintiff with respect to each and every claim asserted in the Complaint, and grant him such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

ROBERT PUGLISI,

By his attorneys,

/s/ Kristin D. Sostowski
Scott A. Faust (BBO No. 546125)
Lisa Richards Rahilly (BBO No. 564919)
Kristin D. Sostowski (BBO No. 652770)
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109
(617) 535-4000

Dated:  January 18, 2005

BST99 1442612-2.054344.0010